# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MANUEL QUIROGA,

                    Plaintiff,

        v.

BARRY J. GREEN, et al.,

                    Defendants.

_____/

CASE NO. 1:11-cv-00989-GBC (PC)

ORDER DISMISSING COMPLAINT, WITH
LEAVE TO AMEND, FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF
MAY BE GRANTED

Doc. 1

THIRTY-DAY DEADLINE

## Screening Order

### I. Procedural History, Screening Requirement, and Standard

On June 15, 2011, Plaintiff Manuel Quiroga ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment deliberate indifference for failing to provide a second shoulder surgery and discontinuing his prescription for morphine. Compl. at 3-4, Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 676; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names physician assistants Barry J. Green and Mr. Wilson, who were employed at Pleasant Valley State Prison ("PVSP"). Plaintiff also names G. Carpenter and L. Zamora, Chief Executive Officers for Health Care Services, who were employed by the California Department of Corrections and Rehabilitation ("CDCR"). Compl. at 2, 4, Doc. 1.

On June 6, 2008, Plaintiff had surgery on his right shoulder by medical surgeon, David G. Smith, M.D. *Id.* at 3. On August 21, 2008, Plaintiff had severe pain and shoulder damage and Doctor John Diep prescribed 30 mg of morphine twice per day. *Id.*

On December 30, 2008, the operation proved to be unsuccessful. *Id.* Plaintiff's shoulder was severely swollen, painful, and his mobility was impaired from his shoulder to elbow. *Id.* Plaintiff was now experiencing chronic pain from his neck down to the lower back, on top of his shoulder damage. *Id.* Plaintiff was continued on morphine. *Id.* James Carter Thomas, M.D. performed an MRI, surgery was indicated necessary, and more morphine was prescribed for pain. *Id.* While waiting for surgery, Plaintiff was treated with morphine twice a day for pain. *Id.* at 4.

Plaintiff had a medical appointment to get his morphine renewed and inquire about his upcoming surgery. *Id.* The doctor was replaced by a physician assistant, Barry Green. *Id.* Mr. Green did not examine Plaintiff but told him, "I'm taking your morphine away, I do not care if you have cancer, broken bones, or any other disease, I am not going to renew your morphine or schedule you for surgery." *Id.* While going through severe morphine withdrawals, Plaintiff returned to the medical department and was seen by another physician assistant, Mr. Wilson, who told Plaintiff the same thing. *Id.* Mr. Wilson said he did not care what other doctors prescribed and that he would not prescribe morphine or any drug other than aspirin. *Id.*

On April 18, 2011, G. Carpenter and L. Zamora, Chief Executive Officers for Health Care Services, denied Plaintiff's appeal at the third level of review. *Id.* They found that Plaintiff had been examined by a licensed physician, who has the experience and license to determine the course of medical treatment. *Id.* These medical department chiefs are deliberately indifferent to what a licensed physician and surgeon has diagnosed for treatment, leaving him in pain. *Id.*

On June 12, 2009, licensed doctors have said, "It is felt patient should have shoulder surgery." *Id.*

For relief, Plaintiff seeks to be treated by competent medical doctors instead of physician assistants; punitive damages of $200,000; and $100,000 for medical malpractice, medical negligence, and deliberate indifference. *Id.* at 7.

//

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. Eighth Amendment Deliberate Indifference to Serious Medical Need and Linkage

### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett*, 439 F.3d at 1096 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 2. Analysis

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges that physician assistants Barry Green and Mr. Wilson were deliberately indifferent by failing to continue his morphine prescription. From the allegations in Plaintiff's complaint, it appears that he was prescribed morphine following a shoulder surgery in June 2008. It appears that Plaintiff was continued on morphine until he saw a physician assistant, Barry Green, in December 2008. At that point, Mr. Green refused to continue Plaintiff on morphine. Some time later, Plaintiff returned to the clinic and was seen by a second physician assistant, Mr. Wilson, who also declined morphine and would only prescribe aspirin. Thus, Plaintiff is alleging failure to prescribe morphine in December 2008, for pain resulting from a surgery he had in June 2008. Plaintiff also alleges he is entitled to treatment by a medical doctor rather than a physician assistant.

Plaintiff is not permitted to dictate his medical treatment. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Plaintiff also complains that in December 2008, or sometime afterwards, physician assistants Green and Wilson failed to schedule him for surgery, as recommended by the medical doctor. It is unclear from Plaintiff's complaint exactly which doctor recommended surgery. Plaintiff's complaint states that James Carter Thomas, M.D. performed an MRI, surgery was indicated necessary, and more morphine was prescribed for pain. However, Plaintiff does not clearly state that Dr. Thomas was the one who recommended surgery. Moreover, at the end of Plaintiff's complaint, he alleges that

in June 2009, licensed doctors have said, "It is felt patient should have shoulder surgery." Thus, in is unclear how the physician assistants could have scheduled Plaintiff for surgery in December 2008, when surgery was not recommended until June 2009.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with reasonable medical certainty that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4; *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Thus, even with liberal construction, Plaintiff's complaint does not allege deliberate indifference to a medical need because neither mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407. Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring*, 551 F.2d at 47-48. The complaint will be dismissed for failure to state a claim upon which relief may be granted. In Plaintiff's amended complaint, Plaintiff should be clear on the dates that events transpired and which doctors made the recommendations.

### B. Inmate Appeals and Defendants Related to Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495.

Plaintiff seeks to impose liability under the Eighth Amendment on individuals related to the inmate appeals process including G. Carpenter and L. Zamora, Chief Executive Officers for Health Care Services, who denied his appeal at the third level of review. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969, and there is inadequate factual support for a

1  claim that in denying his inmate appeals, defendants knew of and disregarded a substantial risk of

2  harm to Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Nevertheless, because prison

3  administrators cannot willfully turn a blind eye to constitutional violations being committed by

4  subordinates, there may be limited circumstances in which those involved in reviewing an inmate

5  appeal can be held liable under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006).

6         Carpenter and Zamora found that Plaintiff had been examined by a licensed physician, who

7  had the experience and license to determine the course of medical treatment. Plaintiff alleges that

8  Carpenter and Zamora were deliberately indifferent to what a licensed physician and surgeon had

9  diagnosed for treatment, leaving him in pain. Although Plaintiff alleges that he was also seen by two

10  physician assistants, it is unclear from his complaint all the dates he was seen by medical doctors and

11  when the doctors recommended surgery. Plaintiff alleges that medical doctors recommended surgery

12  in June 2009, which was *after* he was seen by the physician assistants in December 2008.

13         Thus, Plaintiff's unclear allegations do not show that the defendants involved in the appeal

14  process willfully turned a "blind eye" to constitutional violations. *Jett*, 439 F.3d at 1098. From

15  Plaintiff's vague allegations, it appears that  G. Carpenter and L. Zamora reviewed the entire record

16  and found that Plaintiff received adequate medical treatment. *Id.*

17         Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under

18  § 1983 based upon the inmate appeals process and individuals related to the inmate appeals process.

19  In Plaintiff's amended complaint, Plaintiff should be clear on the dates that events transpired, which

20  doctors made the recommendations, and the entire record that G. Carpenter and L. Zamora reviewed

21  when making their decision.

22                                    **IV. Conclusion and Order**

23         Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court

24  will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d

25  1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

26  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

27  complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

28         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

1  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556

2  U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

3  right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

4         Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114

5  F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

6  "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik*

7  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints

8  was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore,

9  "[a]ll causes of action alleged in an original complaint which are not alleged in an amended

10  complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d

11  811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

12         Based on the foregoing, it is HEREBY ORDERED that:

13      1.    Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief

14          may be granted;

15      2.    The Clerk's Office shall send Plaintiff a complaint form;

16      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

17          **first amended complaint**; and

18      4.    If Plaintiff fails to file a first amended complaint in compliance with this order, this

19          action will be dismissed, with prejudice, for failure to state a claim.

20

21  IT IS SO ORDERED.

22

23  Dated:   August 23, 2012

                                   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28