UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL QUIROGA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARRY GREEN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11cv00989 AWI DLB (PC)<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR RECONSIDERATION<br><br>(Document 26) |

　　　　Plaintiff Manuel Quiroga ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**PROCEDURAL BACKGROUND**

　　　　Plaintiff filed this action on June 15, 2011. On December 26, 2012, the Court ordered that the action proceed on Plaintiff's Eighth Amendment claim against Defendant Barry J. Green.

　　　　Defendant filed his answer on August 27, 2013.

　　　　On August 29, 2013, the Court issued a Discovery and Scheduling Order. Part I of the Order requires the parties to provide initial disclosures, including names of witnesses and production of documents.

1

On October 11, 2013, Defendant filed a Request for Reconsideration of Part I of the Discovery and Scheduling Order. Plaintiff did not file an opposition. The matter is deemed submitted pursuant to Local Rule 230(l).

## LEGAL STANDARD

Defendant moves for reconsideration pursuant to Local Rule 303(c), which permits District Judge review of a Magistrate Judge's order. Local Rule 303(a) incorporates the "clearly erroneous" or "contrary to law" standard set forth in Federal Rule of Civil Procedure 72(a). Thus, the District Judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## DISCUSSION

Defendant correctly argues that Part I of the Discovery and Scheduling Order requires the parties to engage in disclosures similar to those required under Federal Rule of Civil Procedure 26(a)(1). Defendant is also correct in that Plaintiff is a pro se prisoner, and that such actions are generally exempt from initial disclosure requirements.

Defendant is incorrect, however, insofar as he argues that the Discovery and Scheduling Order is an improper "standing order" meant to modify the initial disclosure requirements. As the Court has previously explained in numerous other prisoner actions where the Discovery and Scheduling Order has been issued, the order is a case-specific order that issued in this action "[t]o expedite the fair disposition of this action and to discourage wasteful pretrial activities." Therefore, the order is proper since "even in a case excluded . . ., the court can order exchange of similar information in managing the action under rule 16." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 2000. The fact that a similar order has issued in other prisoner cases does not transform the order into a formal, or informal, standing order.

The Court notes that the discovery order at issue, which has been used and upheld in other actions in this Court, was implemented in light of the numerous discovery issues that were arising with increasing frequency in other pro se prisoner actions. Counsel's discovery practices were bordering on unnecessarily obstructive, and these tactics caused numerous discovery disputes that required

extensive Court resources to resolve. The intent of the order, as explained above, is to discourage similar wasteful activities.

Defendant further believes that such requirements are an undue burden on the State in prisoner cases. However, again, the intent behind the order is to streamline the discovery process and ultimately reduce the overall burden on the State, the Court and the parties. Similarly, although Defendant suggests that the order deprives counsel of the exercise of professional judgment in determining how much time and effort to devote to investigation, the order requires no more than would be required under Rule 26(a), or in the ordinary course of investigating a complaint. The purpose of initial disclosures under FRCP 26(a) is "to accelerate the *exchange of basic information . . .* and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 1993 (emphasis added). Orders such as this fall well within the vested control of a trial court to control its docket and to ensure efficient use of limited judicial resources.

Defendant also attempts to raise an issue based on the Discovery and Scheduling Order's failure to limit the disclosures to "discoverable information." While the order may not specifically state that disclosures are limited to "discoverable information," the context of the order, as well as common sense, dictate that only discoverable information need be exchanged. Indeed, the order limits Defendant's disclosures to information regarding individuals "likely to have information about Defendant(s)' claims or defenses, or who will be used to support Defendant(s)' version of the events described in the complaint." August 29, 2013, Order at 2.

Finally, insofar as Defendant objects to the requirement that he produce materials in the possession, custody or control of Defendants *and* CDCR, his objection fails. Defendant specifically objects to the definition used in Allen v. Woodford, 2007 WL 309945 (E. D. Cal. 2007), cited in the order, and contends that he worked as a physician's assistant and now resides in another state. He contends that he therefore has no control over CDCR or its documents. Mot. 9. This standard, however, requires no more than production of information for which Defendant has "the legal right to obtain" on demand. If a document does not fall within the definition of Allen, it need not be produced. Certainly, Defendant will not have "possession, custody or control" of *all* of CDCR's documents. The

order does not require Defendant to produce documents that he cannot otherwise obtain in the course of his employment.

Moreover, it is this Court's experience that either individual defendants who are employed by CDCR, and/or the Attorney General who represents them, can generally obtain documents from CDCR by requesting them. If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced. See, eg., Mitchell v. Adams, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223-224 (N.D. Ind.1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.")

The above arguments are not persuasive and do not establish that the Discovery and Scheduling Order, in general, is contrary to law or clearly erroneous.

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated:   November 19, 2013                    _____
                                              SENIOR DISTRICT JUDGE

4