1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11 | MANUEL QUIROGA,                                )   Case No.: 1:11cv00989 AWI DLB (PC)
                                                                     )
12 |                      Plaintiff,                         )
                                                                     )
13 |            v.                                               )   ORDER DENYING PLAINTIFF'S MOTION
                                                                     )   TO COMPEL WITHOUT PREJUDICE
14 | BARRY GREEN, et al.,                          )
                                                                     )   (Document 33)
15 |                      Defendants.                     )
                                                                     )
16 |                                                             )
   |_____)

17

18        Plaintiff Manuel Quiroga ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis,

19   filed this civil rights action on June 5, 2011.  Pursuant to the Court's August 24, 2012, order, Plaintiff

20   filed a First Amended Complaint on September 17, 2012.  This action is proceeding against Defendant

21   Barry Green for violation of the Eighth Amendment.

22        Pursuant to the August 29, 2013, Discovery and Scheduling Order, the discovery cut-off was

23   January 27, 2014.

24        On January 27, 2014, Plaintiff filed a Motion to Compel Defendant to provide "adequate

25   responses" to his first set of interrogatories.  Plaintiff provides no further information in the motion.

26        Defendant filed his opposition on February 21, 2014.

27        Plaintiff did not file a reply and the motion is deemed submitted pursuant to Local Rule 230(l).

28

1

**A.    LEGAL STANDARD**

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    DISCUSSION**

In his motion, Plaintiff simply requests "adequate responses" to his first set of interrogatories. He does not identify which interrogatories are at issue, nor does he explain why any responses are deficient.  Without such information, the Court cannot determine whether further responses are warranted.

In any event, the Court has reviewed Defendant's responses to Plaintiff's first set of interrogatories, which were provided by Defendant in his opposition.  It appears that although Defendant unnecessarily cited boilerplate objections for many interrogatories yet went on to provide an answer nonetheless, Defendant provided a substantive response to all of the interrogatories.

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The issues with Defendant's responses are not apparent to the Court, or Defendant.  Therefore, Plaintiff's motion must be DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **March 14, 2014**                          /s/ *Dennis L. Beck*
                                                                      UNITED STATES MAGISTRATE JUDGE