UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL QUIROGA,<br><br>        Plaintiff,<br><br>   v.<br><br>BARRY GREEN, et al.,<br><br>        Defendants. | ) Case No.: 1:11cv00989 AWI DLB (PC)<br>)<br>) ORDER REGARDING PLAINTIFF'S<br>) DEPOSITION SUBPOENA<br>) (Document 44)<br>)<br>) ORDER DENYING PLAINTIFF'S REQUEST FOR<br>) COUNSEL<br>) (Document 44-1)<br>) |

Plaintiff Manuel Quiroga ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 5, 2011.  Pursuant to the Court's August 24, 2012, order, Plaintiff filed a First Amended Complaint on September 17, 2012.  This action is proceeding against Defendant Barry Green for violation of the Eighth Amendment.

Pursuant to the August 29, 2013, Discovery and Scheduling Order, the discovery cut-off was January 27, 2014.

Defendant's April 16, 2014, motion for summary judgment is currently pending.

On May 2, 2014, Plaintiff a packet of documents with the Court.  The documents include (1) a deposition subpoena directed to Defendant; (2) an application to proceed in forma pauperis; and (3) a motion for appointment of counsel.

1

Deposition Subpoena

The intent of Plaintiff's filing is unclear.  He completed a California Judicial Counsel deposition subpoena for the personal appearance of Defendant Green.  The form indicates that Defendant Green is ordered to produce a request for an extension of time, and that the deposition will be recorded by videotape.

Assuming that Plaintiff is attempting to take Defendant Green's deposition and that he can meet the requirements of Federal Rule of Civil Procedure 30, he cannot do so at this time.  The discovery cut-off was January 27, 2014.

Insofar as Plaintiff is requesting an extension of time, he must file a pleading with the Court that specifically states what time-frame he wishes to extend and why.

Motion for Counsel

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Moreover, although Plaintiff states that he is illiterate or non-English speaking, this

alone does not entitle him to counsel.  From Plaintiff's pleadings, it is clear that he is able to communicate clearly and adequately.

Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **May 9, 2014**                         /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE